# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

December 19, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL G. KELLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0695** (BOR Appeal No. 2046673)
                    (Claim No. 2000053311)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CLARKS, INC., WHERE SERVICE IS FIRST,**
**Employer Below**

## MEMORANDUM DECISION

Petitioner Michael G. Kelley, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 13, 2012, in which the Board affirmed a November 7, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 15, 2011, decision denying a request to authorize an L2-3 microdiscectomy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Michael Kelley injured his back for the first time on April 11, 2000, while he was helping lift a refrigerator into a truck. The injury, a lumbar sprain, was held compensable on May 16, 2000. After having surgery to fuse the L5-S1 discs, he returned to work. Mr. Kelley reinjured his back in the course of his employment on April 27, 2004. The claims administrator determined that this injury was an aggravation of the original compensable injury.

At the time of the original injury in 2000, an MRI showed a bulge at the L2-3 disc level and a horizontal tear. In 2009, Mr. Kelley was diagnosed with a herniated disc at the L2-3 level. His regular physician, Dr. Scott Daffner, recommended surgery to treat the injury. In its February 15, 2011, decision, the claims administrator denied the request for treatment, because the disc herniation was deemed unrelated to the previous compensable injury.

Dr. Daffner, in two separate letters to the claims administrator, stated that it was impossible for him to tell if the bulge in the L2-3 disc area was a pre-existing condition or caused by the compensable injury. It was his opinion, however, that once a disc space is injured, it continues to degenerate at a progressive rate. In a letter dated December 23, 2010, the claims administrator informed Mr. Kelley that the bulge at the L2-3 area was compensable, since it related to the compensable injury he sustained in 2000. However, it was the opinion of the claims administrator that the disc herniation was not compensable, because it was the natural progression of pre-existing degenerative disc disease.

Dr. W. Edward Said performed an independent medical evaluation on Mr. Kelley on April 23, 2010. After reviewing the medical records and conducting a thorough examination, it was Dr. Said's opinion that all of Mr. Kelley's current complaints are related to his compensable injury of April 11, 2000. It was also his opinion that all treatment to date was necessary and appropriate and "solely as a direct result of his compensable injury" and the subsequent aggravation.

The Office of Judges, in its November 7, 2011, decision, held that the requested treatment was not medically related and reasonably required for the treatment of the April 11, 2000, compensable injury. It determined that the disc herniation was the result of progressive degenerative changes and not caused by the compensable injury. The Office of Judges relied on the opinion of Dr. Daffner who stated that he could not tell what caused the bulge, but that once a disc space is injured it continues to degenerate. The Office of Judges failed to discuss Dr. Said's report which definitively linked the herniation of the L2-3 disc area to the original compensable injury. The Board of Review adopted and affirmed the decision of the Office of Judges.

It is the opinion of this Court that the Board of Review materially misstated or mischaracterized particular components of the evidentiary record. The Board of Review relied on the opinion of Dr. Daffner who stated that the petitioner's disc herniation was the result of progressive degeneration. Dr. Daffner opined that he could not tell what caused the bulge, but that the herniation was the result of further progressive degeneration of the disc space. Dr. Said specifically stated that the current problems Mr. Kelley is experiencing are the result of the compensable injury. When read together, these two opinions indicate that the disc herniation is

2

directly related to the compensable April 11, 2000, injury. In addition, the claims administrator stated in its December 23, 2010, letter that the bulge present at the L2-3 level is a compensable component of the April 11, 2000, injury. Because the bulge at the L2-3 level is compensable as a result of the original injury that occurred in April of 2000, it is this Court's opinion that the herniation of the L2-3 disc area is compensable.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to authorize the requested surgery.

Reversed and Remanded.

**ISSUED:   December 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II